IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANNY RAY MCLAIN, | § | |
|     Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:14-CV-589-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Danny Ray McLain, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as successive, in part, and denied, in part.

## I. BACKGROUND

Petitioner is serving two 20-year sentences and a 25-year sentence from Palo Pinto County, in cause numbers 8340, 13929M and 8870, respectively. Resp't's Ex. B 3, ECF No. 15-2. This is Petitioner's fourth habeas petition filed in this Court.[1] In the instant petition, Petitioner claims that (1) his parole in cause number 8340 was illegally revoked in 2012; (2) he is entitled to additional jail-time credit due to his erroneous release; (3) the Texas Board of Pardons and Paroles (the Board) violated the condition of his parole contract that he have no communication with his crime victims or their families by assigning him to a parole officer who was a victim of his crime; and (4) he is entitled to additional "parole pre-revocation" time credits from the date of his arrest in December

---

[1]*See* Civil Actions Nos. 4:08-CV-648-A, 4:14-CV-740-Y, and 4:15-CV-237-O.

1995 until June 6, 1996. Pet. 6-7, ECF No. 1.

## II. DISCUSSION

### A. Successive Petition

Respondent asserts Petitioner's second, third and fourth claims are successive under 28 U.S.C. § 2244(b). Resp't's Answer 5-9, ECF No. 15. Section 2244(b) requires dismissal of a claim presented in a second or successive habeas petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Petitioner filed his first federal petition in this Court in October 2008, and the petition was dismissed as time-barred under the federal statute of limitations. Order & J., *McLain v. Quarterman*, No. 4:08-CV-648-A, 2009 WL 302004 (N.D.Tex. Feb. 6, 2009), ECF Nos. 13 & 14. To determine whether a claim is second or successive, a court analyzes whether the claim presented in a second habeas petition occurred before petitioner filed his first habeas petition. *Propes v. Quarterman,* 573

F.3d 225, 229 (5th Cir. 2009). In Petitioner's 2008 petition, he raised the same or similar claims as his second and fourth claims enumerated above, and he could have raised his third claim but did not.[2] Resp't's Ex. C 15, ECF No. 15-3. Therefore, notwithstanding the fact that the prior petition was dismissed on limitations grounds, this is a successive petition as to those claims, and Petitioner fails to meet an exception to the bar nor has he demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without jurisdiction to consider the claims. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

### B. Parole Revocation

In Petitioner's first claim, he complains that his parole was illegally revoked. Respondent asserts the claim is without merit. Resp't's Answer 14-16, ECF No. 15.

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual

---

[2]Petitioner provides no dates relevant to this claim, but he was paroled in 2003. Petitioner filed no reply to Respondent's argument on the issue and, thus, the Court is left to presume that Petitioner knew or could have discovered the identity of his parole officer before 2008.

findings. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). Further, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written order, as here, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law" in making its decision. WR-55.560-05 Action Taken, ECF No. 22; *Johnson v. Williams,* — U.S. —, 133 S. Ct. 1088, 1094 (2013); *Harrington,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004).

The Due Process Clause requires certain minimal safeguards to protect the limited liberty interest at stake in the parole-revocation context. These safeguards include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a parole board . . .; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer,* 408 U.S. 471, 488-89 (1972).

Petitioner does not contend that one or more of these requirements were violated. Instead, he claims (all grammatical errors are in the original)–

> [H]e was given a parole revocation hearing on 08-15-2012. Hearing officer voted to reinstate petitioners parole. On 09-12-2012 petitioner was given a second parole violation hearing by the same hearing officer, for same violations, same violation #10370854 and petitioners parole was revoked.

Pet. 6, ECF No. 1.

The record reveals that a preliminary hearing was held on August 15, 2012, after which the hearing officer recommended "Non Revocation Action-Continue Supervision Reaffirm or Modify Existing Special Conditions." The "title analyst," however recommended "Reopen Hearing." WR-55,560-05, Pet'r's Ex. G, ECF No. 12-21. The Board's decision was to "Reopen hearing" "to obtain additional info." *Id.* On September 12, 2012, the hearing was reopened, after which both the hearing officer and the title analyst recommended "Revoke." This recommendation was adopted by the Board. Petitioner's state habeas application raising this claim was denied by the Texas Court of Criminal Appeals without written order. Thus, this Court may presume that the state court considered and rejected the claim on the merits. Petitioner's conclusory allegation fails to rebut the presumption of correctness of the state court's adjudication of his claim, and it appears from the state court records that the minimum requirements of procedural due process were met.

## III. CONCLUSION

For the reasons discussed herein, the petition is DISMISSED as a successive petition as to Petitioner's second, third and fourth claims and is DENIED as to his first claim. Further, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 10th day of November, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**